**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOE LUIS ECHEVERRIA MAGANA, a.k.a. Luis Lara, a.k.a. Alejandro Mendez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-72716 <br><br> Agency No. A200-158-029 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:      RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Joe Luis Echeverria Magana, native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

In his opening brief, Echeverria Magana fails to raise, and therefore waives, any challenge to the BIA's determinations with respect to his claim for cancellation of removal, the IJ's denial of a continuance, and reinstatement of the IJ's grant of voluntary departure. *See Rizk v. Holder,* 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief).

We lack jurisdiction to consider Echeverria Magana's claim, presented for the first time on appeal, that he fears persecution in Mexico, because he failed to exhaust this claim before the BIA. *Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

Echeverria Magana's conclusory assertions regarding the agency misunderstanding his testimony and unspecified constitutional rights are not supported by any argument in his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**